# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-38-MOC
# (5:15-cr-41-MOC-DCK-1)

| | |
|---|---|
| SAMUEL HENRY VINCI, JR., | )<br>) |
| Petitioner, | )<br>) |
| vs. | )     ORDER<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Respondent. | )<br>)<br>) |

**THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration re Order on Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 7).

## I. BACKGROUND

Petitioner pled guilty in this Court to coercion or enticement of an individual who had not attained the age of eighteen years old to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). This Court sentenced Petitioner to 235 months imprisonment, entering judgment on February 10, 2016. (Crim. Case No. 5:15cr41-RLV-DCK-1, Doc. No. 25: Judgment). Petitioner appealed and, in October 2016, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

In February 2017, Petitioner filed the underlying motion to vacate under 28 U.S.C. § 2255, asserting that his attorney provided ineffective assistance of counsel and that the Government engaged in prosecutorial misconduct. (Doc. No. 1 at 4-5). Petitioner argued that his trial counsel provided ineffective assistance because she did not inform him of the effect of U.S.S.G. § 4B1.5 before he entered his guilty plea. (Doc. No. 1-2 at 7-10). Petitioner also

1

argued a prosecutorial misconduct/entrapment claim, asserting that law enforcement officers lured him into committing an offense that he had no intention of committing; there was no victim in the case; and he did not initiate the contact with the alleged victim. (Id. at 3-7). He also asserted that the Government failed to disclose the facts and circumstances of his offense before his guilty plea so that he could make an informed decision regarding the plea. (Id. at 3, 6-7). This Court dismissed and denied Petitioner's motion to vacate on May 10, 2017. (Doc. No. 4). On September 7, 2017, Petitioner filed the pending motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6). (Doc. No. 7).

## II. DISCUSSION

Rule 60(b) provides that a court may relieve a party from a final judgment for specific reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." FED. R. CIV. P. 60(b); see United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (noting that Rule 60(b) "codifies inherent judicial powers that were previously exercised through a gaggle of common-law writs, which the rule abolishes"). Where a party seeks relief from a final judgment based on mistake, newly discovered evidence, or fraud or misconduct by an opposing party, the party must file its motion within a year after the entry of the judgment. FED. R. CIV. P. 60(c). While Rule 60(b) is a rule of civil procedure, it applies to proceedings filed under 28 U.S.C. § 2255 "to the extent that [it is] not inconsistent with" applicable federal statutory provisions and rules. 28 U.S.C. § 2255 Rule 12; see also Gonzalez v. Crosby, 545 U.S. 524, 529 (2005).

As the Supreme Court recognized in Gonzalez, "Rule 60(b) has an unquestionably valid role to play in habeas cases" and may be used, for example, to relieve parties from the effect of a

mistakenly-entered default judgment or to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction. Gonzalez, 545 U.S. at 534. A party seeking relief under Rule 60(b) must show "extraordinary circumstances" justifying the reopening of a final judgment, however, and "[s]uch circumstances will rarely occur in the habeas context." Id. at 535.

Addressing subsection (6) of Rule 60(b), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief," the Supreme Court has stated that a court should "consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988). A party may not seek relief under Rule 60(b)(6) on any basis that is covered in subsections (1) through (5) of Rule 60(b), and relief may not be granted, unless the party filing the motion has a meritorious claim or defense, the opposing party will not be unfairly prejudiced by having the judgment set aside, and the reason for seeking relief could not have been addressed on appeal from the judgment. Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011) (emphasizing that a "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved").

Petitioner asserts two arguments in his motion to reconsider. First, he contends, as he did in his underlying motion to vacate, that counsel was ineffective for failing to inform him, before entering the plea, about the effect and consequences that the application of U.S.S.G. § 4B1.5 would have on his sentence. This first claim amounts to a second or successive motion to vacate and is not, therefore, cognizable under Rule 60(b). See United States v. McRae, 793 F.3d 392 (4th Cir. 2015) (explaining that "a Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b)

3

motion, but rather a successive habeas petition").

Next, Petitioner contends, as one of his claims on the motion for reconsideration, that "the district court misconstrued his claim in Ground One as entrapment, and failed to articulate a rationale for the denial and dismissal of his habeas petition, pursuant to police misconduct/government misrepresentation in violation of Petitioner's right to due process under the Fifth Amendment." (Doc. No. 7 at 5). In other words, Petitioner contends that the Court misconstrued his claim in Ground One as entrapment, when it was really a claim for "police misconduct" and "government misrepresentation," which he contends violated his Fifth Amendment due process rights and led to an unknowing and involuntary guilty plea. Petitioner contends that he was arguing in his underlying motion to vacate that "he was deceived into an unknowing and involuntary guilty plea, based on the government's failure to disclose the appropriate facts, circumstances, and discovery material, to allow him to make an informed decision, before the entry of the plea, such as proof that he enticed a minor, the alleged victim, a 15-year-old girl named 'Sierrra.'" (Id. at 5-6). Specifically, Petitioner asserts that, during sentencing, it was revealed that the Government had created an undercover profile of a fifteen-year-old girl named "Sierra," and that there was not a real girl named "Sierra." Petitioner, thus, suggests that his plea was involuntary because "Sierra" was a fictional profile and Petitioner was not aware of that fact when he pled guilty.

To the extent that Petitioner contends that this Court "misconstrued" one of this claims, that claim would suggest a defect in the Section 2255 proceeding itself; thus, it is not a successive claim. Contrary to Petitioner's contention, however, this Court did address his Ground One claim as it was presented in the motion to vacate. That is, the Court recognized that Petitioner was arguing that his guilty plea was involuntary, and the Court rejected that claim.

4

This Court noted that, in addition to the entrapment/prosecutorial misconduct claim, Petitioner "also asserts that the Government failed to disclose the facts and circumstances of his offense before his guilty plea so that he could make an informed decision regarding the plea." (Doc. No. 4 at 9). The Court went on to reject Petitioner's claim that his guilty plea was rendered involuntary, stating that "Petitioner's assertion that the Government failed to disclose the facts and circumstances of his offense before his guilty plea is belied by his sworn testimony before this Court at the plea hearing that he had read, understood, and agreed to the factual basis, which set forth the fact that Sierra was actually an undercover officer." (Id. at 10). Thus, contrary to Petitioner's contention, the Court did address his claim.

In sum, for the reasons stated herein, Petitioner's Rule 60(b) motion is denied.

### III.　CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration re Order on Motion to Vacate/Set Aside/Correct Sentence, (Doc. No. 7), is **DENIED and DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural

ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 19, 2018

Max O. Cogburn Jr.
United States District Judge